1  T. RANDOLPH CATANESE, ESQ., CA Bar No. 110308
2  randy@cataneselaw.com
   DAVID Y. YOSHIDA, ESQ., CA Bar No. 272578
3  david@cataneselaw.com
4  **CATANESE & WELLS, A LAW CORPORATION**
   4580 E. Thousand Oaks Blvd., Suite 250
5  Westlake Village, California, 91362
6  Telephone: 818-707-0407
   Facsimile: 818-707-1161
7  Attorneys for Plaintiff
8              UNITED STATES DISTRICT COURT
9
          CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION
10

| | |
|---|---|
| 11 ARROYO ESCONDIDO, LLC, a Texas<br>12 limited liability company,<br><br>13                Plaintiff,<br>14<br>15    vs.<br>16<br>17 BALMORAL FARM, INC., a California<br>Corporation; TRACI BROOKS, an<br>18 individual; and CARLETON BROOKS,<br>19 an individual,<br>20           Defendants.<br>21<br>22<br>23<br>24<br>25 | Case No.: 2:19-cv-08464<br><br>**COMPLAINT FOR:**<br><br>**(1) VIOLATION OF CALIFORNIA<br>BUSINESS & PROFESSIONS CODE §<br>19525;**<br>**(2) CONCEALMENT;**<br>**(3) INTENTIONAL<br>MISREPRESENTATION;**<br>**(4) NEGLIGENT<br>MISREPRESENTATION;**<br>**(5) FRAUDULENT<br>INDUCEMENT;**<br>**(6) UNJUST ENRICHMENT; AND**<br>**(7) VIOLATION OF CALIFORNIA<br>PENAL CODE § 496(a).**<br><br>**DEMAND FOR JURY TRIAL** |

26                        **<u>COMPLAINT</u>**
27
28      Plaintiff ARROYO ESCONDIDO, LLC hereby alleges for its complaint against

Defendants BALMORAL FARM, INC., TRACI BROOKS, and CARLETON BROOKS on personal knowledge as to Plaintiff's own activities, and on information and belief as to the activities of others, as follows.

## THE PARTIES

1. Plaintiff ARROYO ESCONDIDO, LLC (hereinafter "Plaintiff") is, and at all times mentioned was, a limited liability company formed and registered in the state of Texas.

2. Defendant BALMORAL FARM, INC. (hereinafter "Balmoral") is, and at all times mentioned was, a limited liability company formed and registered in the state of California.

3. Defendant TRACI BROOKS (hereinafter "T. Brooks") is, and at all times mentioned was, an individual residing in the state of California.

4. Defendant CARLETON BROOKS (hereinafter "C. Brooks") is, and at all times mentioned was, an individual residing in the state of California.

5. Plaintiff is informed and believes and on that basis alleges that at all times mentioned herein, each of the Defendants referred to herein was the agent, servant, employee, controlling shareholder, partner, *alter ego*, and/or joint venture of each of the other Defendants, and was at all times acting within the course, purpose, scope, and authority of such agency, employment, *alter ego*, and/or joint venture and with the permission or consent of the other Defendants with respect to the acts, occurrences, and/or omissions alleged herein.

6. Plaintiff is further informed and believes, and on that basis alleges that each act, occurrence, or omission alleged herein, was authorized or ratified by each and every other Defendant mentioned herein.  Each Defendant agreed to or consented to act in concert with each other to commit the acts alleged herein as co-conspirators.  Plaintiff further alleges that all Defendants, for each act and omission alleged herein, had a unity of interest with each of the other Defendants.  Each Defendant intended that the acts alleged herein be committed.  Plaintiff was harmed by each Defendant as co-conspirators to the acts alleged herein and each Defendant is responsible for the harm because each Defendant was a part of a conspiracy to commit the acts.

## JURISDICTION AND VENUE

7. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. §1332 because the claims are entirely between a citizen of the state of Texas and citizens of the state of California, and the amount in controversy exceeds the amount of $75,000.00, exclusive of interest and costs.

8. Venue is proper in this district pursuant to 28 U.S.C. §§1391(a) and 1391(b) because a substantial part of the events or omissions giving rise to the claims arose in this district.  Because the Defendants have sufficient minimum contacts with the chosen forum, this Court has personal jurisdiction over the Defendants.  Further, the events or omissions giving rise to this action concern an agreement containing a choice of venue provision stating the following: "This AGREEMENT shall be governed by the laws of the State

of California, and venue for all purposes shall be Los Angeles, California."

## **NATURE OF DISPUTE**

9. On or about August 15, 2018, Plaintiff through its managing member Dr. Cristi Payan Cox ("Payan") purchased a sport horse named "NEON MOON" (hereinafter "Horse") for her daughter to compete in high-level equestrian competitions.  The Horse was purchased for $190,000.00 from Defendant Balmoral (hereinafter the "Sale") through its owners, T. Brooks and C. Brooks (collectively hereinafter "Defendants").  A bill of sale dated August 15, 2018 ("Agreement") was signed by C. Brooks on behalf of Balmoral and Payan on behalf of Plaintiff in Harris County, Texas that reflected the Sale's terms.

10. Payan's trainer, Peter Pletcher ("Pletcher"), facilitated the Sale and was involved with negotiating the terms of the Agreement with Defendants.  Prior to the sale, Pletcher informed Defendants that Plaintiff sought all medical records, competition records, and other information relevant to the Horse's quality and suitability for its intended purpose from Defendants.  Pletcher also informed Defendants that the Horse was being acquired for Payan's daughter to compete in high-level sporting events.  Defendants failed to fully disclose all information requested by Pletcher and the Plaintiff.

11. Prior to the Sale, Defendants represented to Pletcher and Plaintiff that the Horse was fit and suitable for its intended purpose as a competitive sport horse. Defendants did not disclose to Pletcher or Plaintiff that the Horse suffered from any prior medical

conditions, psychological conditions, or other conditions that prohibited the Horse from performing at a high level of competition.

12. Plaintiff is informed and believes that an individual named Jimmy Torano ("Torano") received compensation in the form of a commission relating to the Sale from Defendants and that Torano was Defendants' undisclosed agent.  Defendants failed to disclose the commission and Torano's relationship with them to Plaintiff or Pletcher prior to the Horse's sale.

13. After Payan took possession of the Horse, she placed it in jumping competitions wherein it refused jumps for no reason and bucked the rider after going over jumps. Such unsafe and erratic behavior is highly unusual for sport horses, particularly ones that are intended to compete at high levels such as the Horse.  Such behavior places riders at high risk for injury and virtually eliminates a rider's ability to win any competition.  Because of this erratic behavior, the Horse has little to no value.

14. Plaintiff is informed and believes that the Horse had a history of refusing jumps and bucking prior to the Sale, that these problems began to arise when the Horse was located in California, and that Defendants sold the Horse to Plaintiff knowing these problems existed.  Plaintiff is further informed and believes that Defendants sold the Horse knowing it was an older and larger horse than advertised, and was registered under a different name, ANGUS.

## COUNT I

## VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE

## § 19525

(Against Balmoral by Plaintiff)

15. Plaintiff realleges and incorporates by reference herein, paragraphs 1 through 14, inclusive, of the preliminary allegations, as though said paragraphs were set forth herein at length.

16. Prior to and during the Sale, C. Brooks and Torano acted as agents of Balmoral. C. Brooks and Torano each obtained a commission or other compensation exceeding $500.00 related directly or indirectly to the Sale ("Commissions"). Further, Balmoral failed to provide Plaintiff a written disclosure of the Commissions and failed to disclose the commissions in the Bill of Sale.

17. Further, Plaintiff is informed and believes that neither C. Brooks nor Torano disclosed the Commissions in writing to Balmoral and Balmoral did not consent to C. Brooks or Torano receiving the Commissions in writing. Accordingly, Balmoral is liable for violating *California Business and Professions Code* § 19525(e).

18. Plaintiff was harmed by Balmoral's failure to comply with Section 19525(e) because it would not have purchased the Horse for $190,000.00 had it known about the Commissions.

19. As a direct and proximate result of Balmoral's aforementioned acts, Plaintiff suffered

COMPLAINT

and will continue to suffer economic harm and other damages in an amount to be proven at time of trial including treble damages under Section 19525(g).

## COUNT II

## CONCEALMENT

(Against all Defendants by Plaintiff)

20. Plaintiff realleges and incorporates by reference herein, paragraphs 1 through 14, inclusive, of the preliminary allegations, as though said paragraphs were set forth herein at length.

21. In the 30-days preceding the signing of the Agreement on or about August 15, 2018, Defendants intentionally failed to disclose material facts to Plaintiff, Payan, and Pletcher that were only known to them and could not have been discovered by Plaintiff, Payan, or Pletcher. These facts include: (1) the Horse had an unsafe habit of stopping during competition; (2) the Horse had an unsafe habit of bucking riders; (3) C. Brooks was receiving a commission relating to the Horse's sale; (4) Torano was receiving a commission relating to the Horse's sale; (5) Torano was an agent of Balmoral; (6) the Horse was older and larger than advertised; and (7) the Horse was also registered with the United States Equestrian Federation under a different name, ANGUS (hereinafter collectively "Material Facts").

22. Plaintiff did not know of the Material Facts. Defendants intended to deceive Plaintiff by concealing the Material Facts. Had the Material Facts been disclosed to Plaintiff, it

7

reasonably would have behaved differently by refusing to purchase the Horse.  Plaintiff was harmed by Defendants' concealment of the Material Facts and such concealment was a substantial factor of the harm.

23. When concealing the Material Facts, Defendants acted with malice, oppression, and fraud.  Defendants acted with the intent to vex, injure, and annoy Plaintiff and acted with a conscious disregard of, and an extreme indifference to, Plaintiff's rights. Accordingly, an award of exemplary and punitive damages against Defendants is justified.

24. As a direct and proximate result of Defendants' aforementioned acts, Plaintiff suffered and will continue to suffer economic harm and other damages in an amount to be proven at time of trial.

## COUNT III

## INTENTIONAL MISREPRESENTATION

(Against all Defendants by Plaintiff)

25. Plaintiff realleges and incorporates by reference herein, paragraphs 1 through 23, inclusive, of the preliminary allegations, as though said paragraphs were set forth herein at length.

26. Defendants represented to Plaintiff and Pletcher that the Horse was fit and suitable for its intended purpose as a competitive sport horse (hereinafter collectively "Representations") in the 30-days preceding the Sale.  The Representations were false.

Defendants knew the Representations were false when they made them to Plaintiff and Pletcher or Defendants made the Representations recklessly to Plaintiff and Pletcher without regard for their truth.

27. Defendants intended that Plaintiff rely on the Representations, Plaintiff reasonably relied on the Representations, Plaintiff was harmed, and Plaintiff's reliance on the Representations was a substantial factor causing its harm.

28. When making the Representations, Defendants acted with malice, oppression, and fraud. Defendants acted with the intent to vex, injure, and annoy Plaintiff and acted with a conscious disregard of, and an extreme indifference to, Plaintiff's rights. Accordingly, an award of exemplary and punitive damages against Defendants is justified.

29. As a direct and proximate result of Defendants' aforementioned acts, Plaintiff suffered and will continue to suffer economic harm and other damages in an amount to be proven at time of trial.

## COUNT IV

## NEGLIGENT MISREPRESENTATION

(Against all Defendants by Plaintiff)

30. Plaintiff realleges and incorporates by reference herein, paragraphs 1 through 28, inclusive, of the preliminary allegations, as though said paragraphs were set forth herein at length.

COMPLAINT

31. Defendants made the above-referenced Representations to Plaintiff. Defendants represented to Plaintiff that the Representations were true. However, the Representations were not true. Although Defendants may have honestly believed that the Representations were true, Defendants had no reasonable grounds for believing that the Representations were true when they made them.

32. Defendants intended that Plaintiff rely on the Representations, Plaintiff reasonably relied on the Representations, Plaintiff was harmed, and Plaintiff's reliance on the Representations was a substantial factor causing its harm.

33. As a direct and proximate result of Defendants' aforementioned acts, Plaintiff suffered and will continue to suffer economic harm and other damages in an amount to be proven at time of trial.

## COUNT V

## FRAUDULENT INDUCEMENT

(Against all Defendants by Plaintiff)

34. Plaintiff realleges and incorporates by reference herein, paragraphs 1 through 32, inclusive, of the preliminary allegations, as though said paragraphs were set forth herein at length.

35. When Payan, Plaintiff's controlling shareholder, signed the Agreement, she knew what she was signing, but her consent was induced by the fraud discussed above. Specifically, her consent was induced by her justified reliance on the above-mentioned

Representations and Defendants' concealment of the above-mentioned Material Facts. By reason of Defendants' fraud and because Plaintiff's consent to the Agreement was obtained through the fraud, the Agreement is voidable and subject to rescission.

36. As a direct and proximate result of Defendants' aforementioned acts, Plaintiff suffered and will continue to suffer economic harm and other damages in an amount to be proven at time of trial.

## COUNT VI

## UNJUST ENRICHMENT

(Against all Defendants by Plaintiff)

37. Plaintiff realleges and incorporates by reference herein, paragraphs 1 through 14, inclusive, of the preliminary allegations, as though said paragraphs were set forth herein at length.

38. Defendants received monetary benefits from Plaintiff including $190,000.00 for a Horse with undisclosed performance issues in addition to an undisclosed commission relating to the Sale. Plaintiff demanded the return of the monies upon discovering the performance issues. Defendants refused to return the monies. Accordingly, Defendants are unjustly retaining the monies at Plaintiff's expense.

39. As a direct and proximate result of Defendants' aforementioned acts, Plaintiff suffered and will continue to suffer economic harm and other damages in an amount to be proven at time of trial.

# COUNT VII

## VIOLATION OF CALIFORNIA PENAL CODE § 496(a)

40. Plaintiff realleges and incorporates by reference herein, paragraphs 1 through 38, inclusive, of the preliminary allegations, as though said paragraphs were set forth herein at length.

41. Defendants obtained at least $190,000.00 from Plaintiff under false pretenses and therefore received property from Plaintiff in violation of *California Penal Code* §496. Specifically, Defendants knowingly and designedly, by false or fraudulent representation or pretense, defrauded Plaintiff of money, which is conduct constituting theft under *California Penal Code* § 484(a). Defendants therefore received property that was stolen or was obtained in a manner constituting theft or extortion from Plaintiff.

42. After Defendants obtained Plaintiff's money under false pretenses, Plaintiff asked for the money back, but Defendants refused to return it. Thus, not only did Defendants receive money from Plaintiff under false pretenses, they withheld that money when Plaintiff asked for it back. It follows that Defendants had knowledge that Plaintiff's money was stolen.

43. As a direct and proximate result of Defendants' aforementioned acts, Plaintiff suffered and will continue to suffer economic harm and other damages in an amount to be proven at time of trial. Plaintiff seeks treble damages and its attorneys' fees from Defendants by reason of their acts and omissions stated above.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

As to the First Count for Violation of *California Business & Professions Code § 19525*

1. For general damages in a sum according to proof, but in no event less than $190,000.00;

2. For consequential and incidental damages in an amount according to proof at trial;

3. For treble damages; and,

4. For such other and further relief as the Court deems proper.

As to the Second Count for Concealment

1. For general damages in a sum according to proof, but in no event less than $190,000.00;

2. For exemplary and punitive damages in a sum according to proof at trial;

3. For costs of suit herein incurred; and

4. For such other and further relief as the Court deems proper.

As to the Third Count for Intentional Misrepresentation

1. For general damages in a sum according to proof, but in no event less than $190,000.00;

2. For exemplary and punitive damages in a sum according to proof at trial;

3. For costs of suit herein incurred; and

4.  For such other and further relief as the Court deems proper.

As to the Fourth Count for Negligent Misrepresentation

1.  For general damages in a sum according to proof, but in no event less than $190,000.00;

2.  For costs of suit herein incurred; and

3.  For such other and further relief as the Court deems proper.

As to the Fifth Count for Fraudulent Inducement

1.  For general damages in a sum according to proof, but in no event less than $190,000.00;

2.  For exemplary and punitive damages in a sum according to proof at trial;

3.  For an adjudication and order requiring Defendants, and each of them, to rescind the subject Agreement; and

4.  For such other and further relief as the Court deems proper.

As to the Sixth Count for Unjust Enrichment

1.  For general damages in a sum according to proof, but in no event less than $190,000.00;

2.  For an adjudication and order requiring Defendants, and each of them, to restore by restitution to the Plaintiff any unjustly retained monetary benefits;

3.  For costs of suit herein occurred; and

4.  For such other and further relief as the Court deems proper.

<u>As to the Seventh Count for Violation of *California Penal Code* § 496(a)</u>

1.  For general damages in a sum according to proof, but in no event less than $190,000.00;

2.  For treble damages;

3.  For attorneys' fees and costs of suit herein occurred; and

4.  For such other and further relief as the Court deems proper.

Dated:                                                    Respectfully Submitted,
                                                          CATANESE & WELLS
                                                          A Law Corporation


                                          By:    <u>/s/ *T. Randolph Catanese*</u>
                                                 T. Randolph Catanese
                                                 Attorney for Plaintiff
                                                 ARROYO ESCONDIDO, LLC


### **<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff ARROYO ESCONDIDO, LLC hereby demands trial by jury on all causes of action.                                            Respectfully Submitted,

Dated:                                                    CATANESE & WELLS
                                                          A Law Corporation


                                          By:    <u>/s/ *T. Randolph Catanese*</u>
                                                 T. Randolph Catanese
                                                 Attorney for Plaintiff
                                                 ARROYO ESCONDIDO, LLC