1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**O**

# United States District Court
# Central District of California

ARROYO ESCONDIDO, LLC,

　　　　　Plaintiff,

　　v.

BALMORAL FARM, INC., et al.,

　　　　　Defendants.

Case No. 2:19-cv-08464-ODW (DFMx)

**ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT [50] AND GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT [49]**

## I.   INTRODUCTION

Plaintiff Arroyo Escondido, LLC initiated this action against Defendants Balmoral Farm, Inc., Traci Brooks, and Carleton Brooks claiming Defendants fraudulently induced Arroyo into purchasing a pony that was unsuitable for its intended purpose—competing in high-level sporting events.  (Compl., ECF No. 1.)  Presently before the Court are the parties' Motions for Partial Summary Judgment.  (Pl.'s Mot. Partial Summ. J. ("PMPSJ"), ECF No. 50; Defs.' Mot. Partial Summ. J. ("DMPSJ"), ECF No. 49.)   For the reasons discussed below, the Court **DENIES** Arroyo's Motion and **GRANTS** Defendants' Motion.[1]

---

[1] Having carefully considered the papers filed in connection with the Motions, the Court deemed the matters appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II.   BACKGROUND[2]

Arroyo Escondido breeds, sells, and leases horses; its principal manager and sole member is Dr. Cristina Payan.   (Defs.' Statement of Uncontroverted Facts ("DSUF") 1, ECF No. 48-2.)  Defendants Traci Brooks and Carleton Brooks are joint owners of Defendant Balmoral Farm, Inc., which is a professional equestrian business that buys and sells horses and ponies.  (*Id.*)

Payan wanted to purchase Defendants' pony, Neon Moon (the "Pony"), for her daughter, so Arroyo enlisted Peter Pletcher to serve as Arroyo's agent in obtaining the Pony.   (DSUF 22; Pl.'s Statement of Uncontroverted Facts ("PSUF") 39, ECF No. 50-2.)  The Pony has been identified by several names, including Tucker, Angus, and Little Big Shot.  (PSUF 31.)  Prior to purchasing the Pony, Arroyo had the Pony examined by a veterinarian, and Payan's daughter tried out the Pony by riding him in five small pony competitions.  (DSUF 25.)   After the riding trial and veterinarian exam, on August 18, 2018, Arroyo purchased the Pony from Balmoral Farm for $190,000.  (DSUF 27; PSUF 37.)

The United States Equestrian Federation ("USEF") is the governing body for equestrian competition in the United States.  (DSUF 8.)  By January 2019, Payan's daughter competed on the Pony in more than forty-five USEF small pony equestrian classes.  (DSUF 29.)  However, Payan's daughter never developed the ability to ride the Pony.  (DSUF 32.)   On March 13, 2019, Arroyo delivered the Pony back to Balmoral Farm without a written agreement.  (DSUF 30.)

On October 1, 2019, Arroyo initiated this action claiming Defendants misrepresented the Pony's size and medical history and asserted seven claims:

---

[2] The Court **OVERRULES** all boilerplate objections and improper argument in the parties' Statement of Uncontroverted Facts and Statement of Genuine Issues.  (*See* Scheduling and Case Mgmt. Order 7–9, ECF No. 29.)   Further, where the objected evidence is unnecessary to the resolution of the Motion or supports facts not in dispute, the Court need not resolve those objections here.   To the extent the Court relies on objected-to evidence in this Order, those objections are **OVERRULED**.  *See Burch v. Regents of Univ. of Cal.*, 433 F. Supp. 2d 1110, 1122 (E.D. Cal. 2006) (proceeding with only necessary rulings on evidentiary objections).

violation of California Business and Professions Code section 19525 (Count I); concealment (Count II); intentional misrepresentation (Count III); negligent misrepresentation (Count IV); fraudulent inducement (Count V); unjust enrichment (Count VI); and violation of California Penal Code section 496(a) (Count VII). (Compl. ¶¶ 15–43.)   Before the Court are the parties' cross Motions for Partial Summary Judgment.

### III.   LEGAL STANDARD

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Courts must view the facts and draw reasonable inferences in the light most favorable to the nonmoving party.  *Scott v. Harris*, 550 U.S. 372, 378 (2007).  A disputed fact is "material" where the resolution of that fact might affect the outcome of the suit under the governing law, and the dispute is "genuine" where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Conclusory or speculative testimony in affidavits is insufficient to raise genuine issues of fact and defeat summary judgment.  *Thornhill Publ'g Co. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).  Moreover, though the Court may not weigh conflicting evidence or make credibility determinations, there must be more than a mere scintilla of contradictory evidence to survive summary judgment.  *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

Once the moving party satisfies its burden, the nonmoving party cannot simply rest on the pleadings or argue that any disagreement or "metaphysical doubt" about a material issue of fact precludes summary judgment.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987).   Nor will uncorroborated allegations and "self-serving testimony" create a genuine issue of material fact.

*Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002).  The court should grant summary judgment against a party who fails to demonstrate facts sufficient to establish an element essential to his case when that party will ultimately bear the burden of proof at trial.  *See Celotex*, 477 U.S. at 322.

Pursuant to the Local Rules, parties moving for summary judgment must file a proposed "Statement of Uncontroverted Facts and Conclusions of Law" that sets out "the material facts as to which the moving party contends there is no genuine dispute." C.D. Cal. L.R. 56-1.  A party opposing the motion must file a "Statement of Genuine Disputes" setting forth all material facts as to which it contends there exists a genuine dispute.  C.D. Cal. L.R. 56-2.  "[T]he Court may assume that material facts as claimed and adequately supported by the moving party are admitted to exist without controversy except to the extent that such material facts are (a) included in the 'Statement of Genuine Disputes' and (b) controverted by declaration or other written evidence filed in opposition to the motion."  C.D. Cal. L.R. 56-3.

## IV.   ARROYO'S MOTION FOR PARTIAL SUMMARY JUDGMENT

The Court first addresses Arroyo's Motion, which seeks partial summary judgment on Counts II (fraudulent concealment), III (intentional misrepresentation), IV (negligent misrepresentation), V (fraudulent inducement), and VII (violation of California Penal Code section 496(a)).

### A.   Fraudulent Concealment

Arroyo moves for partial summary judgment on Count II (fraudulent concealment), in which Arroyo asserts Defendants concealed: (a) the Pony was medium and not small; and (b) Defendants' agent changed the Pony's name and obtained a new USEF record number for the Pony prior to its sale.  (PMPSJ 13–15.) Arroyo claims Defendants "were under a duty to disclose" these alleged material facts before the sale and if Arroyo's agent, Pletcher, was aware of these facts "he would not have instructed" Arroyo to purchase the Pony.  (*Id.* at 14–15.)   However, as

Defendants argue in opposition, genuine issues of material fact preclude partial summary judgment on this claim.

The required elements for fraudulent concealment are: (1) "concealment or suppression of a material fact"; (2) "by a defendant with a duty to disclose the fact to the plaintiff"; (3) "the defendant intended to defraud the plaintiff by intentionally concealing or suppressing the fact"; (4) "the plaintiff was unaware of the fact and would not have acted as he or she did if he or she had known of the concealed or suppressed fact"; and (5) "plaintiff sustained damage as a result of the concealment or suppression of the fact." *Hambrick v. Healthcare Partners Med. Grp., Inc.*, 238 Cal. App. 4th 124, 162 (2015).

### 1.    *The Pony's Size*

First, there are genuine issues of material fact concerning the first element— whether Defendants concealed the Pony was "medium." Arroyo argues that Defendants concealed this alleged fact, but Arroyo puts forth no evidence demonstrating that is the Pony's *official* size classification. On the other hand, Defendants submit evidence demonstrating in November 2017, the USEF measured the Pony at 12.2 hands, which is a "small pony" measurement. (Defs.' Statement of Genuine Issues ("DSGI") 81, ECF No. 54-1.) The Pony is still registered with the USEF as a "small pony," and from January 2018 to August 2018 the Pony competed in approximately sixty USEF small pony competitions. (DSGI 82, 83.) Indeed, Plaintiff's daughter competed on the Pony in forty-five USEF *small pony classes* without protest from USEF officials. (*See* DSGI 87.)

Second, there are genuine issues of material fact regarding the fourth element— whether Arroyo would have purchased a medium pony. Arroyo contends that if Pletcher was aware the Pony was medium, Pletcher would not have instructed Arroyo to purchase the Pony. (PMPSJ 14–15.) However, Arroyo relies on Pletcher's conflicting and speculative deposition testimony, which fails to demonstrate the Pony's purported medium size would have affected his recommendation. At one

point, Pletcher testified, "[t]o say we wouldn't buy [the Pony] because he was measured [medium], I can't say that." (Decl. of T. Randolph Catanese, Ex. E, Dep. of Peter Pletcher ("First Pletcher Dep.") 124:22–23, ECF No. 50-5; *see also* Decl. of Robert Scapa ¶ 10 ("Second Pletcher Dep."), ECF No. 54-5.) And later, Pletcher testified that, "if we had gone back and seen [all of the evidence]" he would "probably not" have recommended Arroyo purchase the Pony. (First Pletcher Dep. 125:5–8.) Thus, on this record, it is not clear the Pony's size would have affected Pletcher's recommendation.

These genuine disputes of material fact preclude partial summary judgment on Arroyo's claim Defendants concealed the Pony's size.

### 2.    The Pony's Name and USEF Number

Next, Arroyo contends Traci Brooks changed the Pony's name from "Angus" to "Little Big Shot," and obtained a new USEF record number for the Pony prior to its sale. (PMPSJ 14.) But there are genuine issues regarding whether Defendants concealed these facts, or that they were material to Arroyo's decision to purchase the Pony.

First, with respect to the Pony's name change, Defendants submit evidence demonstrating the Pony's *prior owners* changed its name from "Angus" to "Little Big Shot"—not Defendants, (Second Pletcher Dep. 310:24–311:14); and Pletcher was aware the Pony went by the name Angus prior to the sale, (*id.* at 107:11–16). Thus, genuine issues of fact exist regarding whether Arroyo was in the dark about the Pony's name change.

Then, turning to the USEF record number, which provides information about a pony's history, Pletcher testified that the Pony's "performance . . . show record, [and] history, was not critical in terms of [Arroyo] making a decision to purchase [the Pony]." (*Id.* at 235:22–236:10.) Based on this testimony, it does not appear that changing the Pony's USEF record number prior to the sale was material in Arroyo's decision to purchase the Pony. In fact, Pletcher's deposition testimony makes it clear

that he would not have told Payan to research the Pony's record using its USEF number. (*Id.* at 235:22–236:3.) Pletcher testified that his recommendation to purchase the Pony was based "on what [Plaintiff] saw and what [Plaintiff] tried." (*Id.* at 236:2–3.) Thus, the record does not support Arroyo's contention that it is entitled to partial summary judgment on its claim Defendants fraudulently concealed changing the Pony's USEF record number.

Accordingly, to the extent Arroyo seeks partial summary judgment on Count II (fraudulent concealment), Arroyo's Motion is **DENIED**.

**B.    Intentional  Misrepresentation,  Negligent  Misrepresentation,  and Fraudulent Inducement**

Arroyo moves for partial summary judgment on Counts III (intentional misrepresentation), IV (negligent misrepresentation), and V (fraudulent inducement). (PMPSJ 15–21.) However, Arroyo fails to provide any argument in support of partial summary judgment on these counts. (*See id.*) For example, in the section of its brief concerning Count III (intentional misrepresentation), Arroyo lists almost two pages of legal citations and then summarily concludes: "As stated above in the section regarding concealment, but for the concealment of fact and misrepresentation of fact [Arroyo] would not have" purchased the Pony; "Pletcher . . . and [Arroyo] were justified in relying upon misrepresentations made by [Defendants]; and Arroyo "was induced to" purchase the Pony "by reason of the concealment of fact and misrepresentation of fact by the Defendants regarding the history, size, and character of the Pony." (*Id.*)

Arroyo's "argument" cites no evidence and fails to address the elements in a claim for intentional misrepresentation.[3] This fails to show Arroyo is entitled to partial summary judgment on Count III. Arroyo's arguments concerning Counts IV and V suffer the from the same defects. (*See* PMPSJ 17–21 (providing several pages

---

[3] The elements of an intentional misrepresentation claim are: (1) misrepresentation; (2) knowledge of falsity; (3) intent to defraud or induce reliance; (4) justifiable reliance; and (5) resulting damage. *See Engalla v. Permanente Med. Grp., Inc.*, 15 Cal. 4th 951, 974 (1997), as modified (July 30, 1997).

of legal citations before summarily concluding: "For the reasons previously stated, the undisputed facts show why judgment should be granted to [Arroyo].").)  Arroyo must provide actual legal arguments in support of its Motion and cannot simply rely on the Court to sift through its numerous (and improperly filed) exhibits and moving papers to manufacture support for its position.  "[J]udges are not like pigs, hunting for truffles buried in briefs."  *Uche-Uwakwe v. Shinseki*, 972 F. Supp. 2d 1159, 1163 n.1 (C.D. Cal. 2013) (internal quotation marks omitted).

Accordingly, to the extent Arroyo seeks partial summary judgment on Counts III (intentional misrepresentation), IV (negligent misrepresentation), and V (fraudulent inducement), Arroyo's Motion is **DENIED**.

## C.    California Penal Code Section 496(a)

In Count VII (violation of California Penal Code section 496(a)), Arroyo claims Defendants obtained $190,000 (the Pony's purchase price) under false pretenses, and therefore, Defendants received stolen property.  (PMPSJ 21–23.)

Section 496(a) imposes criminal liability on "[e]very person who buys or receives any property that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be so stolen or obtained." Under subsection (c), an injured person may bring a civil action for three times the actual damages and reasonable attorneys' fees.  Cal. Penal Code § 496(c).

Here, Arroyo contends "[t]he undisputed material facts affirm and establish that fraud and deceit were committed by the Defendants in order to obtain $190,000." (PMPSJ 22.)    This conclusory statement utterly fails to demonstrate Defendants engaged in conduct in violation of section 496(a), or that Plaintiff is entitled to partial summary judgment on this claim.

Accordingly, Arroyo's Motion is **DENIED** to the extent Arroyo seeks partial summary judgment on Count VII (violation of California Penal Code section 496(a).

**D. Summary**

For the reasons discussed above, Arroyo's Motion for Partial Summary Judgment on Counts II–V and VII is **DENIED**.

## V.   DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Next, the Court turns to Defendants' Motion for Partial Summary Judgment on Counts I (violation of California Business and Professions Code), VI (unjust enrichment), and VII (violation of California Penal Code section 496(a)).

**A.   Violation of California Business and Professions Code**

Defendants move for partial summary judgment on Count I, in which Arroyo contends Balmoral's purported agents, Carleton Brooks and Jimmy Torano, failed to disclose a commission related to the sale of the Pony in violation of California Business and Professions Code section 19525.  (DMPSJ 8–11.)

Section 19525 prohibits a seller's agent from receiving compensation in excess of $500 related to the sale of an equine, subject to certain exceptions that do not apply here.  Cal. Bus. & Prof. Code § 19525(e).  Defendants contend that Balmoral "paid no commission or any other consideration to Jimmy Torano or anyone else in the sale" of the Pony.  (DMPSJ 9 (citing DSUF 7, 21, 36, 37, 40).)  In opposition, Arroyo attempts to dispute this fact, but none of the evidence to which Arroyo cites can be found in the record.  (*See, e.g.*, Pls.' Statement of Genuine Disputes, ECF No. 55-3 (citing to pages of Torano's and Pletcher's depositions that are (1) not properly cited, or (2) not in the record).)  It is not the court's task to "scour the record in search of a genuine issue of triable fact."  *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996).  The parties bear the obligation to lay out their support clearly.  *Carmen v. San Francisco Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001).  Therefore, Arroyo fails to raise a genuine factual dispute.

Accordingly, the Court **GRANTS** Defendants' Motion for partial summary judgment on Count I (violation of California Business and Professions Code section 19525).

**B.      Unjust Enrichment**

Defendants move for partial summary judgment on Count VI, in which Arroyo attempts to assert a cause of action for unjust enrichment.      (DMPSJ 11–15.) Defendants argue, correctly, that there is no cause of action for unjust enrichment in California.   (*See id.*); *Melchior v. New Line Prods., Inc.*, 106 Cal. App. 4th 779, 793 (2003).

"Unjust enrichment is a general principle, underlying various legal doctrines and remedies, rather than a remedy itself."   *Id.* (internal quotation marks omitted). Some courts have construed a cause of action for unjust enrichment as a quasi-contract claim seeking restitution.  *See, e.g.*, *Rutherford Holdings, LLC v. Plaza Del Rey*, 223 Cal. App. 4th 221, 231 (2014).  However, to assert a quasi-contract claim for restitution based on unjust enrichment, the plaintiff must allege "in that cause of action that the express contract is void or was rescinded."   *Id.* (internal quotation marks omitted).

Here, Arroyo claims that it seeks to assert a quasi-contract claim for restitution based on unjust enrichment.   (Pls.' Opp'n 9–12 (citing Compl. ¶¶ 37–39), ECF No. 55.)  But Arroyo does not allege *in Count VI of the Complaint* that the underlying express contract for the sale of the Pony is void or rescinded.  *See Rutherford*, 223 Cal. App. 4th at 231; *see also Lance Camper Mfg. Corp. v. Republic Indem. Co.*, 44 Cal. App. 4th 194, 203 (1996) ("The [Plaintiff] must allege that the express contract is void or was rescinded in order to proceed with its quasi-contract claim."). Thus, Arroyo fails to assert a quasi-contract claim, and Arroyo's untimely request for leave to amend Count VI is denied.

Accordingly, the Court **GRANTS** Defendants' Motion for partial summary judgment on Count VI (unjust enrichment).

**C.      Violation of California Penal Code section 496(a)**

Defendants move for partial summary judgment on Count VII, in which Arroyo claims Defendants obtained Arroyo's money under false pretenses.  (DMPSJ 15–21.)

In opposition, Arroyo merely contends that its "Statement of Uncontroverted Facts and Conclusions of Law filed concurrently with [Arroyo's Motion for Partial Summary Judgment] cited to the Court undisputed material facts which support judgment in Plaintiff's favor." (Pl.'s Opp'n 13.)  Essentially, Arroyo tasks the Court with scouring through a different set of moving papers to find the facts and arguments necessary to deny Defendants' Motion.  However, the Court is "not required to comb the record to find some reason to deny a motion for summary judgment." *Carmen*, 237 F.3d at 1029 ("A lawyer drafting an opposition to a summary judgment motion may easily show a judge, in the opposition, the evidence that the lawyer wants the judge to read.  It is absurdly difficult for a judge to perform a search, unassisted by counsel, through the entire record, to look for such evidence.").  Therefore, here too, Arroyo fails to raise a genuine factual dispute.

Accordingly, the Court **GRANTS** Defendants' Motion for partial summary judgment on Count VII (violation of California Penal Code section 496(a)).

**D.     Summary**

The Court **GRANTS** Defendants' Motion for Partial Summary Judgment on Counts I (violation of California Business and Professions Code), VI (unjust enrichment), and VII (violation of California Penal Code section 496(a)).

## VI.     CONCLUSION

For the foregoing reasons, the Court **DENIES** Arroyo's Motion for Partial Summary Judgment (ECF No. 50), and the Court **GRANTS** Defendants' Motion for Partial Summary Judgment (ECF No. 49).

**IT IS SO ORDERED.**

August 19, 2021

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**